NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

CAMBRIDGE EDUCATIONAL CENTER, INC.
d/b/a C2 EDUCATION CENTERS, INC.          :   Civil Action No. 11-7140 (ES)

    Plaintiff,                                 :   OPINION

v.                                        :

SON HWA YI a/k/a SONIA YI, and            :
UNITED YOUNG ARTIST FOUNDATION, INC.      :

    Defendants.                              :
_____

**S**ALAS, **D**ISTRICT **J**UDGE

Pending before the Court are: (1) Plaintiff Cambridge Educational Center, Inc.'s ("Cambridge" or "Plaintiff") motion for entry of default judgment as to Defendant United Young Artist Foundation ("UYAF") (Docket Entry No. 7, the "UYAF Default Judgment Motion"); (2) Plaintiff's application for entry of default as to Defendant Son Hwa aka Sonia Yi ("Yi" collectively with UYAF the "Defendants") (Docket Entry No. 8, the "Yi Default Application"); and (3) Defendants' cross-motion (i) to vacate the entry of default against UYAF; (ii) in opposition to the UYAF Default Judgment Motion; (iii) in opposition to the Yi Default Motion, and (iv) for leave to file an untimely answer (Docket Entry No. 16, the "Cross-Motion"). For the reasons set forth below, the UYAF Default Judgment Motion and Yi Default Application are DENIED, and Defendants' Cross-Motion is GRANTED.

**I.**    **BACKGROUND**

Plaintiff commenced this action against Defendants on December 8, 2011. (Docket Entry No. 1). Plaintiff served a summons on UYAF on December 21, 2011, but could not serve Yi.

1

(Docket Entry No. 3; Docket Entry No. 11, Plaintiff's Affidavit of Diligent Inquiry). UYAF did not timely answer and the Court entered default against UYAF on January 24, 2012. (Docket Entry No. 5; unnumbered Docket Entry dated January 24, 2012). On January 26, 2012, counsel for Plaintiff stipulated to extend the time for Yi to answer the complaint until February 15, 2012 in exchange for Yi's acknowledgement of service of the summons and complaint (the "Stipulation"). (Docket Entry No. 6). On February 14, 2012, Yi filed a *pro se* Request for an Extension of Time to Answer. (Docket Entry No. 9).

On February 9, 2012, Plaintiff filed the UYAF Default Judgment Motion. (Docket Entry No. 7). Counsel appeared on behalf of all Defendants on March 5, 2012. (Docket Entry No. 12). Despite Yi's *pro se* Request for Extension, Plaintiff filed the Yi Default Motion on February 16, 2012, since Yi's Request for Extension had not yet been entered on the docket. (Docket Entry No. 8). On February 17, 2012, Plaintiff filed a letter objecting to Yi's Request for Extension. (Docket Entry No. 10). The Court never entered default against Yi.

On May 10, 2012, Defendants were directed to file the Cross-Motion, which as to Yi, now represented by counsel, was to be treated as a motion for leave to file an untimely answer. (Docket Entry No. 14). Defendants cross moved to file an answer out of time as directed, and further moved "to vacate the defaults previously entered" despite that no default had been entered against Yi. (Docket Entry No. 16). Based on the procedural history of this matter, the Court will treat the Cross-Motion as (1) a motion opposing Plaintiff's motion for entry of default against Yi and for leave to file an untimely answer (rather than vacating entry of default against her) and (2) a motion to vacate default and opposing the entry of default judgment against UYAF.

## II.  DISCUSSION

### A.  UYAF

The entry of default and default judgment is governed by Federal Rule of Civil Procedure 55.  To obtain a default judgment pursuant to Rule 55(b), the moving party must first obtain an entry of default pursuant to Rule 55(a).  *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006).  After obtaining entry of default, parties are not entitled to the subsequent entry of default judgment as of right; rather, it is within the discretion of the court whether to enter default judgment.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  An entry of default may be vacated "for good cause."  Fed. R. Civ. P. 55(c).

Courts in the Third Circuit consider three factors when determining whether to vacate default:  (1) whether defendant appears to have a meritorious defense; (2) whether the default is the result of culpable conduct of the defendant; and (3) whether prejudice to plaintiff will result if default is denied. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  There is a strong preference in this Circuit for resolving contentious cases in favor of setting aside a default and reaching a decision on the merits.  *Hritz*, 732 F.2d at 1181; *see also Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).  After the Court vacates default, the Court may extend a defendants time to answer for "good cause shown."  Fed. R. Civ. P. 6(b)

#### i.  Meritorious Defense

The first factor, whether defendant has asserted a meritorious defense, is a threshold issue in determining whether to vacate a default.  *Cardinali v. Spartan Auto Repair and Tire Center*, No. 88-1964, 1989 WL 5816, at *1 (D.N.J. Jan. 19, 1989).  A meritorious defense is one that "if established at trial, would constitute a complete defense." *U.S. v. $55,518.05 in U.S. Currency*,

728 F.2d 192, 195 (3d Cir. 1984). To make this showing, defendants "must provide more than simple denials or conclusory statements; rather, they must allege specific facts as the grounds of their defense." *Jackson Hewitt, Inc. v. Semo Tax Services, Inc.*, Civil Action 11-662, 2011 WL 6826013, at * 3 (D.N.J. Dec. 28, 2011) (internal citations omitted).

Here, Plaintiff brings the following causes of action against UYAF: misappropriation of Plaintiff's confidential proprietary information and trade secrets, copyright infringement, unfair competition, civil conspiracy and tortious interference with prospective economic advantage. (*See* Complaint, Counts 3, 5-8). In response, UYAF has asserted a multitude of defenses, the majority of which would constitute complete defenses to the claims alleged if established at trial. The Court addresses each defense in turn.

First, UYAF alleges that it is not a proper defendant in this action because it is charitable foundation to encourage young people in the arts and does not offer any of the same services as Plaintiff, which helps Korean students prepare for the SATs. (Docket Entry No. 17, Certification in Support of Motion to Vacate Default ("Yi Cert.") ¶¶ 6, 7). Yi states that, after she left her employment with Plaintiff, she started another entity named UYAF Learning which provides teaching services. (*Id.* ¶ 15). While Yi disputes Plaintiff's allegations, she contends that UYAF Learning would be the proper party to this action, not UYAF. (Docket Entry No. 16-5, Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment ("Yi Memo of Law") 4-5). If Yi is correct, this would be a complete defense to the allegations against UYAF.

Second, UYAF contends that this Court lacks jurisdiction arguing that Plaintiff has both (1) falsely claimed copyright infringement in order to obtain federal subject matter jurisdiction, and (2) "trumped up" its damages claim to meet the amount in controversy required to obtain federal diversity jurisdiction. (Yi Cert. ¶ 22). False causes of action asserted solely to invoke

federal subject matter jurisdiction will not stand, *Baker v. Carr*, 369 U.S. 186, 199 (1962), nor will damages claimed in bad faith solely to invoke federal diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). If UYAF's allegations are proven true, UYAF would be entitled to dismissal of the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

As to the copyright infringement claim, UYAF asserts that Plaintiff does not own any copyrights to its materials and its only trademark was abandoned by Plaintiff in 2002. (Yi Cert. ¶ 21). In order to establish a copyright infringement claim, a plaintiff must prove two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Given this standard, if UYAF proves that Plaintiff does not own the copyrights at issue, it will establish a complete defense to that claim.

Finally, UYAF states that the materials alleged to be proprietary and confidential were generic and publicly available, (Yi Cert. ¶ 10), which precludes their use by Defendants from being actionable. *See Diamond v. T. Rowe Price Assocs.*, 852 F. Supp. 372, 412 (D. Md. 1994). Therefore, the Court finds that UYAF's proffered defenses have sufficient merit and factual support to weigh in favor of vacating default.

### ii. Defendants' Culpability

The second factor requires the Court to determine whether the default is the result of culpable conduct or merely "excusable neglect" on the part of the defendant. *Cardinali*, 1989 WL 5816, at *2. Culpable conduct is defined as action taken willfully or in bad faith. *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Excusable neglect is found where "a demonstration of good faith on the part of the party seeking [vacatur shows]

5

some reasonable basis for noncompliance within the time specified . . . ." *Jackson Hewitt Inc.*, 2011 WL 6826013, at *3. Of note, the showing of excusable neglect must be satisfied by the submission of facts affirmed by a person with personal knowledge. *Admiral Home Appliances v. Tenavision, Inc.,* 585 F. Supp. 14, 15 (D.N.J. 1982) (holding that affidavits of defense counsel rather than defendant himself were insufficient to support a finding of excusable neglect), *aff'd*, 735 F.2d 1347 (3d Cir. 1984).

Here, Defendant Yi certified on behalf of herself and UYAF that "my inability to afford counsel to defend me and the Foundation which I founded were the principal reasons which [sic] I was not able to file [an] answer in this matter." (Yi Cert. ¶ 4). Yi provides a timeline that documents several unsuccessful attempts to retain counsel from the time of service of the Complaint on January 4, 2012, until she retained counsel on or around February 14, 2012, including contact with other attorneys and failed efforts at borrowing funds. (*Id.* ¶¶ 2-4).

Plaintiff argues that UYAF has failed to make any showing relating to its default because: (1) Yi's Certification did not pertain to the UYAF Default Judgment Motion; and (2) "Yi's ability to retain counsel for herself . . . has no bearing on whether UYAF was able to retain counsel for itself." (Docket Entry No. 18, Plaintiff's Reply 2). The Court disagrees. First, Yi's Certification supports the Cross-Motion, which moves to vacate the default entered against UYAF and opposes the Yi Default Application and UYAF Default Judgment Motions. (*See* Cross-Motion, Docket Entry No. 16 (describing the relevant motions); Yi Cert. ¶ 1 ("I . . . make this certification in support of the application of myself and co-defendant United Young Artist Foundation to vacate the default entered in the within matter. . . .")). Second, Yi certifies that she attempted to timely file a second, *pro se* Request for Extension on February 14, 2012, but only then discovered she could not appear on behalf of UYAF. (Yi Cert. ¶ 3). The Court notes

that whether Yi's Certification may constitute a submission on behalf of UYAF is debatable, and would have preferred Defendants submit separate certifications in support of the Cross-Motion. However, the Court further notes that, even if Yi does not act as an agent for UYAF, UYAF's failure to appear or respond for ten weeks does not rise to a level of culpability sufficient to weigh in favor of entering default judgment. Because there is no evidence that UYAF has acted in bad faith by its failure to respond and Yi has certified on UYAF's behalf that its delay was due to an inability to secure counsel, the Court finds this factor weighs in favor of vacating the default entered against it.

### iii. Prejudice

The third factor, prejudice to plaintiff, exists where a defendant is judgment-proof or where "there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Itche Corp. v. G.E.S. Bakery, Inc.*, No. 08-3103, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008) (citation omitted). In contrast, no prejudice exists where plaintiff contributed to the delay in proceedings, *Chamberlain*, 210 F.3d at 164, or where plaintiff is able to bring the claim in another court. *Hritz* 732 F.2d at 1182 n.3. Significantly, the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice required to satisfy this element. *Best Sign Sys. v. Chapman*, No. 09-5244, 2010 WL 3025166, at *2 (D.N.J. July 30, 2010).

Here, Plaintiff cites the "additional legal fees and other costs relating to this action" and "Defendants' continue[d] . . . violation of the non-complete [sic] agreement to Plaintiff's continuing financial detriment" as proof of prejudice against it. (Plaintiff's Reply at 6). As noted above, the additional expense and inconvenience of a delayed trial on the merits do not

7

satisfy this element. *Best Sign Sys.*, 2010 WL 3025166, at *2. Therefore, this factor weighs in favor of vacating entry of default against UYAF.

The Court will vacate default against UYAF and will permit UYAF to file its answer for good cause shown. Because, the Court vacates default against UYAF, the Court denies Plaintiff's motion for default judgment as to UYAF.

**B. Yi**

Yi mistakenly concedes that the Court has entered default against her. Federal Rule of Civil Procedure 55(a) governs entry of default and states "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although Yi did not file an answer by February 15, 2012, she did seek leave of Court for more time to do so. As such, the Court does not find that Yi has "failed to plead or otherwise defend" and will grant her request to file an answer.

**III. CONCLUSION**

For the aforementioned reasons, UYAF's motion to set aside the entry of default and for leave to file an untimely answer is GRANTED. Yi's motion for leave to file an untimely answer is GRANTED. Plaintiff's motions for entry of default against Yi and entry of default judgment against UYAF are DENIED. The Court deems Defendant Yi's Proposed Answer, attached as Exhibit D to her Certification, validly filed as of the date of this Opinion and Order. Defendant UYAF has 14 days from receipt of this Opinion and accompanying Order to file an answer or otherwise respond to Plaintiff's complaint.

Dated: September 27, 2012

*s/Esther Salas*
**Esther Salas, U.S.D.J.**